

# The Attorney General of Texas

September 23, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Buck Florence, Chairman
House of Representatives
Committee on Judicial Affairs
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-369

Re: Whether sick leave and vacation benefits are wage continuation programs under the Crime Victims Compensation Act

Dear Representative Florence:

You ask whether sick leave and vacation benefits are "wage continuation programs" within section 3(3)(F) of article 8309-1, V.T.C.S., the Crime Victims Compensation Act, and whether sick leave and vacation benefits which are used are compensable under section 3(7)(A)(ii).

Article 8309-1 affords a means of indemnifying crime victims and individuals who suffer personal injury or death while attempting to prevent crimes. Section 2. Eligibility for awards of compensation is determined by the Industrial Accident Board in accordance with the criteria prescribed therein. Section 6 provides that:

> (b) The board shall establish that as a direct result of criminally injurious conduct the victim suffered physical injury or death <u>that resulted in a pecuniary loss which the victim is unable to recoup without suffering financial stress and for which he or she is not compensated from any collateral source.</u>
>
> (c) The board shall <u>deny the application if</u>:
>
> . . .
>
> (3) the claimant <u>will not suffer financial stress</u> as a result of the pecuniary loss arising out of criminally injurious conduct. . . . (Emphasis added).

Section 3 provides that:

> (3) "Collateral source" means a source of benefits or advantages for pecuniary loss awardable other than under this Act which the victim has received, or which is readily available to him or her from:
>
> . . .

(F) wage continuation programs of any employer;

. . .

(6) 'Financial stress' means financial hardship experienced by a claimant as a result of pecuniary loss from criminally injurious conduct. ... A claimant suffers financial stress only if he or she cannot maintain his or her customary level of health, safety, and education for himself or herself and his or her dependents without undue financial hardship. In making its finding, the board shall consider all relevant factors, including:

. . .

(D)   the claimant's income and potential earning capacity; and

(E)   the claimant's resources.  (Emphasis added).

When the act is considered as a whole, we think it is clear that the legislature intended that it would be used only as a last resort to indemnify victims of crime for certain losses resulting from criminally injurious conduct.  In order to be eligible for compensation, a claimant must demonstrate (1) that he has suffered an injury which results in a pecuniary loss; (2) that he is unable to recoup that loss without suffering financial stress; and (3) that he will not be reimbursed for the loss from some collateral source.  Each condition must be satisfied.

Sick leave and vacation benefits may or may not be the fruits of a "wage continuation program," depending upon the particular leave program in question.  See, e.g., New Mexico v. Weinberger, 517 F. 2d 989 (10th Cir. 1975), cert. denied, 423 U.S. 1051 (1976); Attorney General Opinion H-1303 (1978).  In our opinion, however, it is unnecessary to determine whether such benefits are "wage continuation programs" within section 3(3)(F) of article 8309-1, because whether they may be properly described as such in a particular case will have no bearing on whether they are to be taken into consideration by the Industrial Accident Board in deciding whether to award compensation.  The board must determine, among other things, whether a claimant will suffer financial stress as a result of the pecuniary loss arising out of the criminally injurious conduct.  If he will suffer no such stress, he is not eligible for compensation.  V.T.C.S. art. 8309-1, S6(c)(3).  In making this determination, the board must take into account all of the resources at the person's command, V.T.C.S. art. 8309-1, S3(6)(E), which resources will obviously include any accrued vacation and sick leave due him.  The restricted list of "collateral sources" found in the statute signifies those sources to which the state will be subrogated if compensation is awarded.  It is clearly not an exhaustive list of sources which the board must consider in deciding whether, and to what extent, to make an award.  V.T.C.S. art. 8309-1, SS6(c)(3), 11(a).

We therefore conclude that sick leave and vacation benefits available to a claimant who is the victim of criminally injurious conduct are to be taken into account

by the Industrial Accident Board in determining whether the claimant can recoup his losses without suffering financial stress, regardless of whether said benefits may technically be described as a "wage continuation program." If the claimant can do so, he is not eligible for compensation under article 8309-1.

You next ask whether sick leave and vacation benefits which are used are compensable under section 3(7)(A)(ii). Section 3(7) provides that:

> 'Pecuniary loss' means the <u>amount of expense</u> reasonably and necessarily incurred:
>
> (A) regarding personal injury for:
>
> . . .
>
>> (ii) actual loss of past <u>earnings</u> and anticipated loss of future <u>earnings</u> because of a disability resulting from the personal injury at a rate not to exceed $150 per week. (Emphasis added).

We assume your question involves an employee who uses sick leave and/ or vacation leave accrued prior to the time of his injury to cover all or a portion of the period of time he is absent from work because of an injury resulting from criminally injurious conduct.

In order for used sick leave and vacation leave to be compensable under section 3(7)(A)(ii), it would have to constitute lost past earnings within the meaning of that provision at the time the board makes its award. We do not believe it does. In our opinion, earnings denote wages and similar forms of compensation which one receives in return for services rendered. Lost past earnings, as used in the statute, denote compensation to which the victim, except for the injury, would have become entitled after the injury but prior to the award of compensation. The accrued sick leave to which you refer represents earnings to which the victim had already become entitled <u>before</u> the injury occurred, and which he used to avoid suffering a loss that otherwise might constitute "past earnings" for compensation purposes. We therefore answer your second question in the negative.

### SUMMARY

Sick leave and vacation benefits which are available to an employee who is the victim of criminally injurious conduct are to be taken into account by the Industrial Accident Board in determining whether the employee can recoup a pecuniary loss without suffering financial stress, regardless of whether they may technically be "wage continuation programs" within section

3(3)(F).    Used sick leave and vacation benefits are not compensable under section 3(7)(A)(ii).

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Bruce Youngblood